■ Ivette Cruz et al., Appellants, v Gibraltar Investors et al., Respondents. [669 NYS2d 292] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 13, 1997, which, insofar as appealed from, denied plaintiffs' motion for summary judgment on the issue of liability and granted the cross-motion of defendants M.P. Management Co. and Moshe Piller, the building's managing agents, for summary judgment dismissing the complaint and cross-claims as against them, unanimously modified, on the law, to the extent of denying the cross-motion of defendants M.P. Management Co. and Moshe Piller, and otherwise affirmed, without costs.

It is well settled that a plaintiff who predicates a claim for damages on a lack of security in a residential building based on a broken lock must demonstrate that his or her assailant was an intruder and not a building resident or guest (*Wright v

*New York City Hous. Auth.*, 208 AD2d 327, 330). Here, unlike *Wright* and similar cases, where the plaintiffs were unable to provide sufficient competent evidence to raise a genuine question of fact as to whether the assailant, however described, lacked legal access to the premises, the plaintiffs offered, in addition to other evidence, the affidavit of the investigating police officer, who stated that the three male intruders were subsequently identified as members of a gang who had similarly raped and robbed other people in their apartments in the area and that none of them resided in the building. The officer also stated that on the day of the crime the building's front door lock was inoperative.

Given such evidence, a genuine issue of fact exists as to how plaintiffs' assailants gained access to their building and the managing agents' cross-motion for summary judgment should have been denied. Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.