■ Eugenio Granados et al., Respondents, v New York City Housing Authority, Appellant. [680 NYS2d 246] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about September 18, 1997, which denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

The motion for summary judgment was untimely. The note of issue in this matter was filed on September 17, 1996, prior to the January 1, 1997 effective date of the amendment to CPLR 3212 (a), which imposes a limit of 120 days from filing of the note of issue for making motions for summary judgment without obtaining leave of court upon a showing of good cause. We have held previously that this amendment would be applied to matters, such as this one, in which a note of issue had already been filed as of the effective date to extend the parties' time to move as of right for summary judgment until 120 days from the date the statute became effective (*Phoenix Garden Rest. v Chu*, 245 AD2d 164). This extended defendant's time to so move until April 30, 1997. Since the instant motion was made on May 12, 1997, it was untimely.

In any case, we find that plaintiff's factual showing was adequate to withstand summary judgment as to whether

defendant-appellant's negligence was the proximate cause of plaintiff's injuries. Plaintiff offered evidence that the lock on the front door of his apartment building in Bronx River Houses had been broken for approximately a year when he arrived home at 2:00 A.M. on April 2, 1994. As he was waiting for the elevator, he heard the door open and close again behind him and then heard footsteps. After he entered the elevator, three young men wearing hooded sweatshirts entered the elevator and pushed him to the rear, at which point he was stabbed in the back with a knife. Plaintiff also offered evidence that there had been 12 incidents of criminal activity in various buildings at Bronx River Houses between January 1, 1994 and April 2, 1994 and further evidence of significant criminal activity in the project for the years 1990 through 1994, including two murders in 1993.

In *Jacqueline S. v City of New York* (81 NY2d 288, 295), the Court of Appeals made clear that a plaintiff who is injured and claims that his or her landlord was at fault for failing to provide adequate security may establish that the occurrence of the crime was foreseeable by proof of an adequate nexus between the crime in question and other previous criminal activity, looking to "the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question". Here, the evidence presented by plaintiff of extensive and serious criminal activity in the same housing project in which plaintiff lived, together with plaintiff's testimony that he heard the unlocked door open and close behind him immediately before he was attacked by the three young men, was sufficient to withstand summary judgment on the issue of a causal link between the unlocked door and the attack on plaintiff. Any inconsistencies in plaintiff's testimony as to the precise sequence of events may be weighed by the trier of fact, but they do not support judgment as a matter of law. Concur—Milonas, J. P., Ellerin, Nardelli and Rubin, JJ.

Andrias, J., dissents in a memorandum as follows: I would reverse and grant defendant's motion for summary judgment dismissing the complaint.

The majority bases its conclusion upon questions of foreseeability. However, it overlooks the long line of cases in this Department which hold that, absent proof that the assailants were intruders who entered through a negligently unlocked door, rather than another tenant or tenant's invitee, there is insufficient evidence of proximate cause to defeat the landlord's motion for summary judgment (*see*, *Rivera v New York City*

*Hous. Auth.*, 239 AD2d 114; *see also, Torres v New York City Hous. Auth.*, 251 AD2d 54; *Cruz v Gibraltar Investors*, 247 AD2d 335). Any finding on this record that plaintiff's assailants were intruders who gained access to the premises due to the broken lock would be speculative.