■ ANGELA RODRIGUEZ et al., Respondents, v BOARD OF EDUCATION OF CITY OF YONKERS et al., Appellants. [753 NYS2d

875] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 14, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the Supreme Court's conclusion, the defendants' motion for summary judgment was timely. CPLR 3212 (a) provides that if no date is set by the court, a motion for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court on good cause shown. Here, the note of issue was filed July 6, 2001. Thus, the 120 days would run on November 3, 2001. However, as correctly pointed out by the defendants, November 3, 2001, was a Saturday. The defendants' summary judgment motion was filed on Monday, November 5, 2001, the next succeeding business day. As such, the motion was timely (see General Construction Law § 25-a [1]).

In opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law in this slip-and-fall case, the plaintiffs failed to raise a triable issue of fact as to whether the defendant either created the alleged dangerous condition or had actual or constructive notice thereof in time to remedy or warn of it (see Rivera v Waldbaums, Inc., 298 AD2d 449; Dane v Taco Bell Corp., 297 AD2d 274).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.