In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J), dated September 21, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff Salvatore DeForte (hereinafter the injured plaintiff) allegedly sustained personal injuries when he fell on the defendant’s premises. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the injured plaintiff did not know what had caused him to fall. The Supreme Court denied the defendant’s motion.
In a premises liability case, a plaintiffs inability to identify the cause of the accident is fatal to the cause of action because a finding that the defendant’s negligence, if any, proximately caused the plaintiffs injuries would be based on speculation (see Deputron v A & J Tours, Inc., 106 AD3d 944 [2013]; Laskowski v 525 Park Ave. Condominium, 93 AD3d 822 [2012]). Here, the defendant established its entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the injured plaintiff, which demonstrated that he could not identify the cause of his fall without resorting to speculation (see Capasso v Capasso, 84 AD3d 997 [2011]; Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Barretta v Trump Plaza Hotel & Casino, 278 AD2d 262 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
In light of our determination, it is not necessary to review the parties’ remaining contentions. Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.