■ Lisa Montemarano, Appellant, v Sodexo, Inc., et al., Respondents. [995 NYS2d 206]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated

January 11, 2013, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she slipped and fell in the cafeteria located in the office building where she worked.

A plaintiff's inability to identify the cause of his or her fall is fatal to a claim of negligence in a slip-and-fall case because a finding that a defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 878 [2013]). Here, the defendants each demonstrated their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, which demonstrated that she was unable to identify the cause of her fall (*see Blochl v RT Long Is. Franchise, LLC*, 70 AD3d 993 [2010]; *Hunt v Meyers*, 63 AD3d 685 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]).

In opposition, the plaintiff's submissions failed to raise a triable issue of fact (*see Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Hall, Austin and Roman, JJ., concur.