IZORA WEST, Appellant, v 1718 PITKIN AVENUE REALTY, LLC, et al., Respondents, et al., Defendants. [999 NYS2d 842]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 14, 2012, as granted those branches of the separate motions of the defendant John W. Baumgarten Architect, P.C., the defendant K. Craft Corporation, the defendants 1718 Pitkin Avenue Realty, LLC, and East Brooklyn Medical Group, P.C., and the defendant Janusz Niedzwiecki for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was leaving the second-floor office of the defendant East Brooklyn Medical Group, P.C. (hereinafter EBMG), and allegedly was injured when she slipped and fell on an interior staircase connecting the first and second floors of the premises, which were owned by the defendant 1718 Pitkin Avenue Realty, LLC (hereinafter 1718 Pitkin). In connection with a renovation project at the premises, which included work on the subject staircase, the principals of 1718 Pitkin and EBMG (hereinafter together the owners) hired the defendant John W. Baumgarten Architect, P.C. (hereinafter JBA), to perform architectural services, and the defendant Janusz Niedzwiecki to be the project manager. Niedzwiecki hired the defendant K. Craft Corporation (hereinafter K. Craft) to perform construction work on the project.

The plaintiff commenced this action to recover damages for

personal injuries against, among others, the owners, JBA, Niedzwiecki, and K. Craft (hereinafter collectively the moving defendants). The moving defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

"In a premises liability case, a plaintiff's inability to identify the cause of the accident is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*DeForte v Greenwood Cemetery*, 114 AD3d 718, 718 [2014]; *see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748, 749 [2014]; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]). Here, the moving defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff, which demonstrated that she could not identify the cause of her fall without resorting to speculation (*see DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]; *DeForte v Greenwood Cemetery*, 114 AD3d at 718; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of the accident (*see Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930-931 [2011]; *Murphy v New York City Tr. Auth.*, 73 AD3d 1143, 1143-1144 [2010]). Accordingly, the Supreme Court properly granted those branches of the moving defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

In light of our determination, we need not address the parties' remaining contentions. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.