■ BERNARDO VAZQUEZ, Respondent, v JAMES S. FLESOR, Appellant. [9 NYS3d 150]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 10, 2014, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained while he was working in the backyard of a residence owned by the defendant. The plaintiff alleged that he was injured when a coworker, the nonparty Oscar Lopez, tripped and fell on a garden hose, and dropped a slab of rock onto the plaintiff's hand. The defendant moved for summary judgment dismissing the complaint primarily on the ground that the plaintiff was unable to identify the cause of the accident, because the plaintiff testified at his deposition that he did not know what caused Lopez to trip and

fall. The Supreme Court denied the defendant's motion on the ground that the motion was untimely. The defendant appeals. We affirm, albeit on a different ground.

Contrary to the Supreme Court's conclusion, the defendant's motion for summary judgment was timely. Here, the last day to make the motion for summary judgment fell on a Saturday. Accordingly, the defendant was permitted to file the motion "on the next succeeding business day" (General Construction Law § 25-a [1]; see CPLR 3212 [a]; *Rodriguez v Board of Educ. of City of Yonkers*, 301 AD2d 641 [2003]). Therefore, the defendant's motion, which was made the following Monday, was timely.

As to the merits, the defendant established his prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify the cause of his accident (see *Montemarano v Sodexo, Inc.*, 121 AD3d 1059 [2014]; *Califano v Maple Lanes*, 91 AD3d 896 [2012]). In support of his motion, the defendant submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who testified that he did not know why Lopez tripped. The defendant also submitted a transcript of the deposition testimony of Lopez, who similarly testified that he did not know what caused him to fall. Although Lopez later amended his testimony in a post-deposition errata sheet to reflect that he tripped over a garden hose, he failed to offer any reason for materially altering the substance of his deposition testimony. Therefore, the amended testimony could not properly be considered (see CPLR 3116 [a]; *Ashford v Tannenhauser*, 108 AD3d 735, 736 [2013]; *Garcia-Rosales v Bais Rochel Resort*, 100 AD3d 687, 687 [2012]; *Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930-931 [2011]). Accordingly, contrary to the plaintiff's contention, Lopez's deposition testimony did not reveal a triable issue of fact as to whether the plaintiff was unable to identify the cause of his fall (cf. *Gotay v New York City Hous. Auth.*, 127 AD3d 693 [2d Dept 2015]).

However, in opposition to the defendant's prima facie showing of his entitlement to judgment as a matter of law on this ground, the plaintiff raised a triable issue of fact. The plaintiff submitted an affidavit of another coworker who was present in the backyard and standing next to Lopez at the time of the accident. This coworker stated that Lopez slipped and fell on a garden hose that was laying across the backyard in the area where they were working. Since the plaintiff raised a triable issue of fact in opposition to the defendant's prima facie showing, the defendant was not entitled to summary judgment on

the ground that the plaintiff was unable to identify the cause of his accident (*see Mottola v Harvest on Hudson, LLC*, 122 AD3d 914, 914 [2014]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 879 [2013]).

The defendant's remaining contentions are without merit.

Accordingly, the defendant's motion for summary judgment is denied. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.