■ YOLANDA McRAE, Appellant, v ANTHONY VENUTO, JR., Respondent. [24 NYS3d 745]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated October 17, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she fell while she was walking on a sidewalk in front of real property located at 59 James Street in Ossining. The plaintiff subsequently commenced this action against the defendant, as the owner of the subject property, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, concluding that the plaintiff's failure to identify the cause of her fall warranted summary judgment dismissing the complaint.

"In a slip-and-fall case, a defendant may establish prima facie entitlement to judgment as a matter of law by submitting evidence that a plaintiff is unable to identify the cause of his or her fall" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 878 [2013]; *see Montemarano v Sodexo, Inc.*, 121 AD3d 1059, 1060 [2014]). "If a plaintiff is unable to identify the cause of a fall, any finding of negligence would be based upon speculation" (*Pol v Gjonbalaj*, 125 AD3d 955, 955 [2015]; *see Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d at 878; *see Pol v Gjonbalaj*, 125 AD3d at 955). It only means that a plaintiff's inability to establish the cause of his or her fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence (*see Pol v Gjonbalaj*, 125 AD3d at 956; *Izaguirre v New York City Tr. Auth.*, 106 AD3d at 878).

Here, the defendant established, prima facie, his entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff, which demonstrated that she was unable to identify the cause of her fall (*see Mottola v Harvest on Hudson, LLC*, 122 AD3d 914, 914 [2014]; *Montemarano v Sodexo, Inc.*, 121 AD3d at 1060). However, in opposition to the defendant's prima facie showing on this ground, the plaintiff raised a triable issue of fact. The plaintiff's submissions included affidavits from two individuals who witnessed the accident and identified the cause of her fall (*see Vazquez v Flesor*, 128 AD3d 808, 810 [2015]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d at 878). The Supreme Court erred in rejecting these two eyewitness affidavits on the ground that they gave inconsistent accounts of the accident. "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]), and any inconsistencies in the affidavits of the two eyewitnesses did not render them both incredible as a matter of law,

but rather, raised issues of credibility to be resolved by the factfinder (*see generally Frazier v Hertz Vehs., LLC*, 78 AD3d 767, 768 [2010]; *6243 Jericho Realty Corp. v AutoZone, Inc.*, 27 AD3d 447, 449 [2006]; *Venetal v City of New York*, 21 AD3d 1087, 1088 [2005]; *Granados v New York City Hous. Auth.*, 255 AD2d 249, 250 [1998]). Accordingly, the court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.