Gani v Avenue R Sephardic Congregation (2018 NY Slip Op 01903)





Gani v Avenue R Sephardic Congregation


2018 NY Slip Op 01903


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-11974
 (Index No. 5769/13)

[*1]Gary Gani, appellant, 
v
Avenue R Sephardic Congregation, respondent.


Michael N. David, New York, NY, for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Salvatore J. DeSantis of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated October 14, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 27, 2013, at approximately 9:00 a.m., the plaintiff allegedly fell down an interior staircase in the defendant's synagogue. The plaintiff commenced this negligence action against the defendant alleging personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff was unable to identify the cause of his fall. The Supreme Court granted the motion. The plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Kyte v Mid-Hudson Wendico, 131 AD3d 452). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]). Thus, in a premises liability case, a defendant real property owner, or a party in possession or control of real property, who moves for summary judgment can establish its prima facie entitlement to judgment as a matter of law by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Kyte v Mid-Hudson Wendico, 131 AD3d at 453; Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
A defendant can also establish its prima facie entitlement to judgment as a matter of law in a premises liability case by showing that the plaintiff cannot identify the cause of his or her accident (see McRae v Venuto, 136 AD3d 765, 766; Montemarano v Sodexo, Inc., 121 AD3d 1059, [*2]1060; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878). A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Palahnuk v Tiro Rest. Corp., 116 AD3d 748; DeForte v Greenwood Cemetery, 114 AD3d 718; Deputron v A & J Tours, Inc., 106 AD3d 944, 945).
Here, based on the deposition testimony of the plaintiff, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of his fall (see Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164; Califano v Maple Lanes, 91 AD3d 896, 897-898; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Capasso v Capasso, 84 AD3d 997, 998; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). Furthermore, the defendant also established, prima facie, that it did not create a dangerous or defective condition with respect to the subject staircase, and did not have actual or constructive notice of the condition claimed by the plaintiff for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d at 837). In opposition, the plaintiff failed to raise a triable issue of fact as to either the cause of the accident or whether the defendant created or had notice of any dangerous or defective condition with respect to the subject staircase (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of our determination, the defendant's remaining contention need not be addressed.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court