Burke v Umbaca (2018 NY Slip Op 05132)





Burke v Umbaca


2018 NY Slip Op 05132


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-01501
 (Index No. 508501/14)

[*1]Candice Burke, appellant, 
v
Vincent Umbaca, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 19, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she fell down the front steps of the defendant's home. After the accident, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Martino v Patmar Props., Inc., 123 AD3d 890; Kruger v Donzelli Realty Corp., 111 AD3d 897; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 638; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598). This burden can also be established by demonstrating, prima facie, that the plaintiff cannot identify the cause of his or her accident (see Touloupis v Sears, Roebuck & Co., 155 AD3d 807; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; McRae v Venuto, 136 AD3d 765; Montemarano v Sodexo, Inc., 121 AD3d 1059, 1060; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878).
Here, when viewing the evidence in the light most favorable to the plaintiff, the evidence relied upon by the defendant in support of his motion, which included the plaintiff's deposition transcript, demonstrated the defendant's prima facie entitlement to judgment as a matter of law. The plaintiff's deposition testimony demonstrated that she was unable to identify the cause of her fall (see Razza v LP Petroleum Corp., 153 AD3d 740, 741; Amster v Kromer, 150 AD3d 804, 804; Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866, 866; Hahn v Go Go Bus Tours, Inc., 144 AD3d at 749; Giordano v Giordano, 140 AD3d 699, 700). Moreover, the defendant established, [*2]prima facie, that he did not have notice of any dangerous or defective conditions with respect to the front steps prior to the subject accident, including, inter alia, that the steps lacked adequate illumination. In opposition, the plaintiff failed to raise a triable issue of fact, including as to whether inadequate lighting or a lack of handrails were a proximate cause of the subject accident.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court