Chang v Marmon Enters., Inc. (2019 NY Slip Op 03316)





Chang v Marmon Enters., Inc.


2019 NY Slip Op 03316


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-00426
 (Index No. 4023/14)

[*1]Sylvia Chang, respondent, 
v
Marmon Enterprises, Inc., et al., appellants.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Denise M. Bush of counsel), for appellants.
Sacco & Fillas LLP, Astoria, NY (Steven Hoffman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 26, 2017. The order denied their motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly tripped and fell in the parking lot of the defendants' store. The plaintiff commenced this action against the defendants, the alleged owners and operators of the subject premises, to recover damages for personal injuries, alleging that they were negligent in, among other things, the maintenance of their premises. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Kyte v Mid-Hudson Wendico, 131 AD3d 452). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]). Thus, in a premises liability case, a defendant real property owner, or a party in possession or control of real property, who moves for summary judgment can establish its prima facie entitlement to judgment as a matter of law by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 873-874; Kyte v Mid-Hudson Wendico, 131 AD3d at 453; Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
A defendant can also establish its prima facie entitlement to judgment as a matter of law in a premises liability case by showing that the plaintiff cannot identify the cause of his or her accident (see Gani v Avenue R Sephardic Congregation, 159 AD3d at 873-874; McRae v Venuto, [*2]136 AD3d 765, 766; Montemarano v Sodexo, Inc., 121 AD3d 1059, 1060; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878). A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Palahnuk v Tiro Rest. Corp., 116 AD3d 748; DeForte v Greenwood Cemetery, 114 AD3d 718; Deputron v A & J Tours, Inc., 106 AD3d 944, 945).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Bravo v Vargas, 113 AD3d 579; Green v Quincy Amusements, Inc., 108 AD3d 591, 592; Stukas v Streiter, 83 AD3d 18), the evidence relied upon by the defendants in support of their motion, which included the plaintiff's deposition transcript, failed to demonstrate the defendants' prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her fall without speculation (see Flanagan v Town of Huntington, 155 AD3d 1000, 1001; Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1188; Drouillard v Smarr, 136 AD3d 973, 973; Severin v T Burger, LLC, 127 AD3d 726, 726; Martino v Patmar Props., Inc., 123 AD3d 890, 891). However, the defendants established, prima facie, that they did not create a dangerous or defective condition with respect to the subject parking lot, and did not have actual or constructive notice of the condition alleged by the plaintiff (see Gordon v American Museum of Natural History, 67 NY2d at 837; Palladino v Monadnock Constr., Inc., 163 AD3d 698, 698; Mustafaj v Macri, 162 AD3d 891, 892; Gani v Avenue R Sephardic Congregation, 159 AD3d at 874). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created or had notice of any dangerous or defective condition with respect to the subject parking lot (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court