Chen v New York Hotel Trades Counsel Health Ctr., Inc. (2025 NY Slip Op 04466)

Chen v New York Hotel Trades Counsel Health Ctr., Inc.

2025 NY Slip Op 04466

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01812
 (Index No. 502530/20)

[*1]Lijun Chen, appellant, 
v
New York Hotel Trades Counsel Health Center, Inc., et al., defendants, Jeremy Peyser Dental, P.C., respondent.

Costo Law Offices, Brooklyn, NY (James Costo of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Richard M. Fedrow and Domingo R. Gallardo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 7, 2022. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated March 28, 2021, as denied that branch of the prior motion of the defendants Christopher Kanyongolo, Janice Hwang, Jeremy Peyser, and Jeremy Peyser Dental, P.C., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Jeremy Peyser Dental, P.C., and thereupon granted that branch of the prior motion.
ORDERED that the order dated January 7, 2022, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated March 28, 2021, denying that branch of the motion of the defendants Christopher Kanyongolo, Janice Hwang, Jeremy Peyser, and Jeremy Peyser Dental, P.C., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Jeremy Peyser Dental, P.C. is adhered to.
The plaintiff commenced this action on February 2, 2020, to recover damages for dental malpractice against the defendants Christopher Kanyongolo, Janice Hwang, Jeremy Peyser, and Jeremy Peyser Dental, P.C. (hereinafter collectively the defendants), among others. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. As to the defendant Jeremy Peyser Dental, P.C. (hereinafter Peyser Dental), the defendants contended, inter alia, that the action was time-barred because the plaintiff's last visit to Peyser Dental was on August 1, 2017, and this action was commenced more than two years and six months later. The plaintiff opposed the motion, contending, among other things, that the continuous treatment doctrine tolled the statute of limitations. In an order dated March 28, 2021 (hereinafter the March 2021 order), the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Peyser Dental, concluding, among other things, that the plaintiff had raised a question of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine.
Peyser Dental moved for leave to reargue that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the statute of limitations had expired. In an order dated January 7, 2022, the Supreme [*2]Court granted leave to reargue and, upon reargument, in effect, vacated so much of the March 2021 order as denied that branch of the defendants' prior motion, and thereupon granted that branch of the prior motion. The plaintiff appeals.
On appeal, the plaintiff contends that the action is not time-barred insofar as asserted against Peyser Dental because the statute of limitations was extended by General Construction Law § 25-a. Although this argument is raised for the first time on appeal, we reach the argument because it presents a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918; Federal Natl. Mtge. Assn. v Walter, 199 AD3d 889, 890).
As relevant here, General Construction Law § 25-a(1) provides that when the period of time within which an act is required to be done ends on a Saturday, the act may be done on the next succeeding business day. A dental malpractice action must be commenced "within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). In support of their motion, the defendants established that the plaintiff was last treated at Peyser Dental on August 1, 2017. Although two years and six months from that date is February 1, 2020, we take judicial notice of the fact that February 1, 2020, was a Saturday (see Deutsche Bank Natl. Trust Co. v Sewdial, 173 AD3d 685, 686). Thus, pursuant to General Construction Law § 25-a(1), the plaintiff had until Monday, February 3, 2020, to commence this action against Peyser Dental (see id.; Vazquez v Flesor, 128 AD3d 808, 809). As this action was commenced on February 2, 2020, it was timely commenced.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court