■■■ CYNTHIA CHARVALA, Respondent, v KELLY & DUTCH REAL ESTATE, INC., Appellant. (Appeal No. 2.) [709 NYS2d 785] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for a directed verdict or, in the alternative, an order setting aside the verdict as against the weight of the evidence. Contrary to defendant's contention, plaintiff proved by a preponderance of the evidence that defendant's negligence was a proximate cause of her injuries (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550). Plaintiff was employed at a store located on property owned and managed by defendant. Defendant required the employees of the store to park in a designated area, and they could reach the store either by walking along a roadway or by walking on the grassy median that separated the roadway from the parking lot. While walking on the median, plaintiff felt her foot catch on something and she fell, shattering a bone in her arm, sustaining a cervical spine injury and damaging two teeth. Three weeks later, plaintiff returned to the site and took photographs of roots and thick stalks that protruded from the ground but were covered by grass. Although plaintiff could not identify what caused her to fall, she established that there were several roots and thick stalks in the area where she fell and testified that her foot caught on something (*cf., Barland v Cryder House*, 203 AD2d 405, *lv denied* 84 NY2d 947). Thus, defendant is not entitled to a directed verdict because the jury's verdict is not "utterly irrational" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). We further conclude that the jury's verdict is not against the weight of the evidence (*see, Cohen v Hallmark Cards, supra*, at 498-499).

We reject defendant's contention that the court's charge permitted the jury to base its verdict only upon speculation about the condition of the median at the time of plaintiff's injury. The court instructed the jury that, although plaintiff did not identify the precise condition that caused her to fall, where, as here, there may be more than one unsafe condition, the jury could infer that plaintiff's injuries were caused by one of those conditions. Plaintiff presented evidence from which an inference could be drawn with respect to the condition of the median on the day of her injury; she presented photographs depicting the condition of the median approximately three

weeks after she was injured, and she testified that her foot caught on something, causing her to fall. " 'It is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the [injuries] by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744, quoting *Ingersoll v Liberty Bank*, 278 NY 1, 7). Finally, we decline to disturb the jury's award of damages for pain and suffering. (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Negligence.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.