■ JAMES McINTYRE et al., Respondents, v EAST NASSAU MEDICAL GROUP, P. C., et al., Defendants, and CARL B. WEISS et al., Appellants. (And a Third-Party Action.) [712 NYS2d 874] —In an action to recover damages for personal injuries, etc., the defendants Carl B. Weiss and Nassau Orthopedic Surgeons, P. C., appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered July 2, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs raised a triable issue of fact in opposition to the prima facie showing of entitlement to summary judgment by the moving defendants, and the motion was therefore properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557). The conflicting expert opinions presented in the opposing affidavits raised a triable issue of material fact for a jury (*see, Kallenberg v Beth Israel Hosp.,* 45 AD2d 177, *affd* 37 NY2d 719). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.

■ BARBARA MUSTO, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [712 NYS2d 878] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated September 14, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A common carrier owes a duty to an exiting passenger to stop at a place where the passenger may safely disembark and leave the area (*see, Miller v Fernan,* 73 NY2d 844; *Jenkins v New York City Tr. Auth.,* 262 AD2d 455; *Kelleher v F.M.E. Auto Leasing Corp.,* 192 AD2d 581). There is an issue of fact as to whether the appellant breached this duty. Therefore, summary judgment was properly denied. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.