■ MATILDA STANOJEVIC, Respondent, v SCOTTO BROS. RESTAURANT ENTERPRISES, INC., Doing Business as WATERMILL RESTAURANT AND CATERERS, Appellant. [792 NYS2d 147]—

In an action to recover damages for personal injuries, the defendant Scotto Bros. Restaurant Enterprises, Inc., doing business as Watermill Restaurant and Caterers, appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered December 5, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While attending a wedding reception in a catering hall operated by the defendant, the plaintiff allegedly slipped and fell on a wooden reducer molding separating the dance floor from the adjoining carpeted area. After she commenced this action against the defendant to recover damages for personal injuries, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We affirm.

The defendant established its prima facie entitlement to summary judgment by demonstrating, inter alia, that the injured plaintiff was unable to identify the exact cause of her fall (*see Hunter v IBS Realty Mgt.,* 298 AD2d 557 [2002]). In opposition, however, the plaintiff raised triable issues of fact by tendering the affidavit of an eyewitness to the accident, who observed the plaintiff place her foot on the part of the dance floor that curved downward toward the adjacent carpet and who saw the plaintiff's foot slip forward down the slope onto the carpet (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), and by tendering the affidavit of an expert who averred that the actual height differential between the dance floor and the carpet was greater than claimed by the defendant, and that the curved shape of the reducer molding created a hazardous condition (*see McIntyre v East Nassau Med. Group,* 275 AD2d 398 [2000]; *Tesak v Marine Midland Bank,* 254 AD2d 717 [1998]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.