■ DELLORY WALTERS et al., Respondents, v COSTCO WHOLESALE CORPORATION, Appellant, et al., Defendant. [858 NYS2d 269]—

In an action to recover damages for personal injuries, etc., the defendant Costco Wholesale Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated November 28, 2007, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Dellory Walters (hereinafter the plaintiff) allegedly was injured when she slipped and fell on a patch of "black ice" near the handicapped parking area of the parking lot located on the appellant's premises. The plaintiff fell at approximately 10:00 A.M. when the store was opening. She testified at her deposition that she did not see the ice before she fell. Upon entering the appellant's store she notified the appellant's safety manager about the incident. The safety manager testified at her deposition that she and another employee went to investigate thereafter, and she saw the ice patch in issue.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created the subject icy condition nor had actual or constructive notice of it (*see Raju v Cortlandt Town Ctr.*, 38 AD3d 874 [2007]). In opposition, however, the plaintiffs submitted evidence that there was precipitation and intermittently freezing temperatures on the days prior to the plaintiff's fall, deposition testimony of the appellant's manager that the icy condition was visible immediately after the plaintiff's fall, and an incident report stating that another person had fallen on ice in the same general vicinity 45 minutes earlier. This evidence raised a triable issue of fact as to whether the appellant had constructive notice of the existence of the hazardous condition for a sufficient length of time to have discovered and remedied it (*see Santoliquido v Roman Catholic Church of Holy Name of Jesus*, 37 AD3d 815 [2007]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569 [2007]; *Kyung Sook Park v Caesar Chemists*, 245 AD2d 425 [1997]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.