■ PATSY MORGAN et al., Appellants, v WINDHAM REALTY, LLC, et al., Respondents, and FRANCIS COMPANY, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. CORPORATE SERVICE NETWORK, INC., et al. Third-Party Defendants-Respondents. [890 NYS2d 621]—

Contrary to the plaintiffs' contention, the plaintiff Patsy Morgan (hereinafter the plaintiff), at her deposition, failed to identify a "very sharp decline" and "rich . . . black asphalt," which allegedly was slippery, as the causes of her fall on the subject driveway (*see Bishop v Marsh,* 59 AD3d 483 [2009]). Thus, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the exact cause of her fall (*see Costantino v Webel,* 57 AD3d 472 [2008]; *Stanojevic v Scotto Bros. Rest. Enters., Inc.,* 16 AD3d 575, 576 [2005]; *Nelson v City of New York,* 7 AD3d 589, 589-590 [2004]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Robinson v Lupo,* 261 AD2d 525 [1999]).

In opposition, the plaintiffs submitted evidence demonstrating that, at some unspecified time either before or after the accident, the pavement was slippery when it rained, and that "cars would have a difficult time" traversing the driveway upon which the plaintiff fell. Such evidence was insufficient to raise a triable issue of fact, as it is undisputed that the plaintiff, a pedestrian, fell on the pavement on a warm, sunny day. In light of the insufficiency of the evidence submitted by the plaintiffs on the issue of causation, a trier of fact would be required "to base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh,* 60 AD3d 915, 916 [2009]; *see Costantino v Webel,* 57 AD3d at 472; *Zanki v Cahill,* 2 AD3d 197, 199 [2003], *affd* 2 NY3d 783 [2004]; *Curran v Esposito,* 308 AD2d 428, 429 [2003]; *cf. Stanojevic v Scotto Bros. Rest. Enters., Inc.,* 16 AD3d at 576), as it was "just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance" (*Teplitskaya v 3096 Owners Corp.,* 289 AD2d 477, 478 [2001]). The fact that the plaintiffs received information from the defendants Francis Company, L.P. (hereinafter Francis), and Talbots, Inc. (hereinafter Talbots), that the subject driveway and adjacent parking lot had been repaved nine days before the instant accident did not remedy the deficiency in the

proof, submitted by the plaintiffs in opposition to the motion and the cross motion, that the plaintiff could not identify the cause of her fall (*cf. Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345 [2004]; *Sweeney v D & J Vending*, 291 AD2d 443 [2002]; *Charvala v Kelly & Dutch Real Estate*, 273 AD2d 936 [2000]).

The plaintiffs' contention that Francis and Talbots failed, on their cross motion for summary judgment, to include an affidavit of a person with personal knowledge of the facts or appropriate deposition testimony was not raised in the Supreme Court and, thus, is not properly before this Court (*see Kruszka v City of New York*, 29 AD3d 742, 743 [2006]; *Medugno v City of Glen Cove*, 279 AD2d 510, 511 [2001]; *Rosendale v Galin*, 266 AD2d 444, 445 [1999]; *Gross v Aetna Cas. & Sur. Co.*, 240 AD2d 468, 469 [1997]).

The Supreme Court's determination, in effect, upon renewal, in which it adhered to its original determination, was correct, since the new facts presented by the plaintiffs did not change the outcome (*see* CPLR 2221 [e]).

The plaintiffs' remaining contentions are without merit.

In light of our determination, we need not address the contention of the second third-party defendant Blacktop Unlimited, Inc., that the papers submitted by the plaintiffs with respect to that branch of their motion which was for leave to renew were procedurally defective. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.