In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 3, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On January 16, 2010, the injured plaintiff allegedly slipped and fell on an interior ramp at a subway station in Queens. The complaint alleges that the injured plaintiffs fall was caused by a slippery ramp. In support of its prediscovery motion for summaiy judgment dismissing the complaint, the defendant submitted the injured plaintiffs testimony at an examination held pursuant to Public Authorities Law § 1212 (5). At that examination, the injured plaintiff had testified that she fell while walking with her husband, but she admitted that she did not know what caused her to fall. In opposition to the motion, the plaintiffs submitted an affidavit from the injured plaintiffs husband. The injured plaintiffs husband averred that he was walking behind the injured plaintiff, that the ramp was wet and slippery, and that he saw the injured plaintiff slip on the ramp. The plaintiffs also submitted a document generated by the defendant indicating that an employee of the defendant observed the area to be damp and slippery shortly after the injured plaintiff fell. The Supreme Court denied the motion and the defendant appeals.
In a slip-and-fall case, a defendant may establish prima facie entitlement to judgment as a matter of law by submitting evidence that a plaintiff is unable to identify the cause of his or her fall (see Patrick v Costco Wholesale Corp., 77 AD3d 810, 811 [2010]; Teplitskaya v 3096 Owners Corp., 289 AD2d 477, 477-478 [2001]). This is because, in such a case, a finding of negligence would be based upon speculation (see Patrick v Costco Wholesale Corp., 77 AD3d at 810; Teplitskaya v 3096 Owners Corp., 289 AD2d at 477-478). That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiffs inability to establish the cause of his or fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence (see Morgan v Windham Realty, LLC, 68 AD3d 828, 829 [2009]; cf. Stock v Otis El. Co., 52 AD3d 816, 817 [2008]; Stanojevic v Scotto Bros. Rest. Enters., Inc., 16 AD3d 575, 576 [2005]).
Here, the defendant established its prima facie entitlement to *879 judgment as a matter of law by its submission of the injured plaintiff’s hearing testimony (see Babitskaya v Mosvideofilm Russia, Inc., 98 AD3d 639, 639-640 [2012]; Patrick v Costco Wholesale Corp., 77 AD3d at 810). In opposition to the motion, however, the plaintiffs raised a triable issue of fact (see Stanojevic v Scotto Bros. Rest. Enters., Inc., 16 AD3d at 576). In light of the eyewitness account of the injured plaintiff’s husband, a finding that the slippery condition of the ramp caused the injured plaintiff to slip and fall would not be based on speculation (see Morgan v Windham Realty, LLC, 68 AD3d at 829). Accordingly, the Supreme Court correctly denied the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.