■ Janis Cipriano, Appellant, v City of New York et al., Respondents. [991 NYS2d 363]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), entered July 16, 2013, which granted the motion of the defendants Courthouse Municipal Garage-Parking Systems and Parking Systems Plus, Inc., and the cross motion of the defendants City of New York, New York City Department of Transportation, and New York City Department of Sanitation, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion and cross motion are denied.

The plaintiff allegedly was injured when she slipped and fell when leaving a parking garage on Staten Island. Before the completion of discovery, the defendants Courthouse Municipal Garage-Parking Systems and Parking Systems Plus, Inc. (hereinafter together the parking defendants), moved, and the defendants City of New York, New York City Department of Transportation, and New York City Department of Sanitation (hereinafter collectively the city defendants) cross-moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motion and cross motion. The plaintiff appeals.

In a slip and fall case, a defendant may establish its prima

facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Altinel v John's Farms*, 113 AD3d 709 [2014]; *Antelope v Saint Aidan's Church, Inc.*, 110 AD3d 1020 [2013]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878 [2013]). If a plaintiff is unable to identify the cause of a fall, any finding of negligence would be based upon speculation (*see Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or [her] fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d at 878; *see Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]; *cf. Stock v Otis El. Co.*, 52 AD3d 816, 817 [2008]; *Stanojevic v Scotto Bros. Rest. Enters., Inc.*, 16 AD3d 575, 576 [2005]).

Here, the defendants failed to establish, prima facie, that the plaintiff could not identify the cause of her fall. In support of the motion and cross motion, the defendants primarily relied upon the transcript of the plaintiff's hearing testimony pursuant to General Municipal Law § 50-h. This transcript failed to eliminate triable issues of fact as to whether the plaintiff could establish the cause of her fall, as she testified that there was ice at the location of her fall (*see Altinel v John's Farms*, 113 AD3d at 710; *Bernardo v 444 Rte. 111, LLC*, 83 AD3d 753, 754 [2011]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]). Since the defendants failed to meet their initial burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the motion of the parking defendants and the cross motion of the city defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.