■ CHANDER BERI, Appellant, v CHUNG FAT SUPERMARKET, INC., Respondent. [999 NYS2d 748]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 22, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]). Although the defendant presented evidence that it neither created, nor had actual notice of, the alleged condition, it failed to demonstrate that it did not have constructive notice of the condition, as the defendant failed to tender any evidence establishing when the accident area was inspected and cleaned prior to the accident (*see Williams v New York City Hous. Auth.*, 119 AD3d 857 [2014]). Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, and its motion for summary judgment should have been denied, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.