■ DENIA POL, Respondent, v SOKOL GJONBALAJ et al., Appellants. [5 NYS3d 186]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated April 11, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she fell on ice on a sidewalk abutting the defendants' premises.

A defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Cipriano v City of New York*, 120 AD3d 738 [2014]; *Altinel v John's Farms*, 113 AD3d 709 [2014]; *Antelope v Saint Aidan's Church, Inc.*, 110 AD3d 1020 [2013]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878 [2013]; *Bernardo v 444 Rte. 111, LLC*, 83 AD3d 753 [2011]). If a plaintiff is unable to identify the cause of a fall, any finding of negligence would be based upon speculation (*see Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or [her] fall—

whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d at 878; *see Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]; *cf. Stock v Otis El. Co.*, 52 AD3d 816, 817 [2008]; *Stanojevic v Scotto Bros. Rest. Enters., Inc.*, 16 AD3d 575, 576 [2005]).

Here, the defendants failed to establish, prima facie, that the plaintiff could not identify either the cause of her fall, or its location (*see Walters v Costco Wholesale Corp.*, 51 AD3d 785, 786 [2008]). Moreover, the defendants failed to demonstrate that the snow removal efforts they undertook, to the extent they undertook them, did not create or exacerbate the hazardous icy condition upon which the plaintiff allegedly fell (*see Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789 [2014]). Since the defendants failed to meet their initial burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.