■ MARY BROWN and Another, Individually and as Executrixes of JOSEPH R. AGOGLIA, Deceased, et al., Appellants, v BRISTAL ASSISTED LIVING AT LYNBROOK et al., Respondents, et al., Defendants. [4 NYS3d 894]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 12, 2013, which granted the motion of the defendants Bristal Assisted Living at Lynbrook, Town of Hempstead Industrial Development Agency, and Ultimate Care New York, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants Bristal Assisted Living at Lynbrook, Town of Hempstead Industrial Development Agency, and Ultimate Care New York, LLC (hereinafter collectively the Bristal defendants), established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs could not identify the cause of their decedent's fall (*see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc.*, 94 AD3d 1058 [2012]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]; *Costantino v Webel*, 57 AD3d 472 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the Bristal defendants' motion for summary judgment dismissing the complaint insofar as asserted

against them. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.