■ DORIS KORN, Appellant, v PARKSIDE HARBORS APARTMENTS, LLC, Respondent. [22 NYS3d 99]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated May 6, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On August 6, 2012, the plaintiff allegedly was injured when she slipped and fell in the "garbage room" of an apartment building in which she lived. Thereafter, she commenced this action against the owner of the apartment complex. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

In a slip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Cipriano v City of New York*, 120 AD3d 738, 738-739 [2014]; *Altinel v John's Farms*, 113 AD3d 709 [2014]; *Antelope v Saint Aidan's Church, Inc.*, 110 AD3d 1020 [2013]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878 [2013]). Here, the defendant failed to make a prima facie showing that the plaintiff cannot identify the cause of her fall, since the evidence that it submitted in support of its motion included the plaintiff's deposition testimony that she "felt" liquid on the floor just before she slipped.

The defendant also failed to make a prima facie showing that it was entitled to judgment as a matter of law on the ground that it did not have constructive notice of any hazardous condition. In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the

hazardous condition nor had actual or constructive notice of its existence (*see Beri v Chung Fat Supermarket, Inc.*, 125 AD3d 587, 587 [2015]; *Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969 [2011]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]). Although the defendant presented evidence that it neither created, nor had actual notice of, the alleged condition, it failed to demonstrate that it did not have constructive notice of the alleged condition, as the defendant failed to tender any evidence establishing when the subject area was last inspected and cleaned prior to the accident (*see Beri v Chung Fat Supermarket, Inc.*, 125 AD3d at 587; *Williams v New York City Hous. Auth.*, 119 AD3d 857 [2014]).

Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, and its motion for summary judgment should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Hall, Cohen and Barros, JJ., concur.