■ LORRAINE ROBINSON et al., Respondents, v ROBERT VIANI, Appellant, et al., Defendants. [32 NYS3d 649]—

In an action to recover damages for personal injuries, etc., the defendant Robert Viani appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 25, 2013, as denied those branches of the motion of the defendants Robert Viani and World Gym Poughkeepsie, Inc., which were for summary judgment dismissing the first and third causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal arises out of an alleged slip-and-fall accident that occurred on January 16, 2008, in the parking lot of a Planet Fitness gym in Poughkeepsie. According to the complaint, the plaintiff Lorraine Robinson (hereinafter the plaintiff) slipped and fell on ice and/or snow in the parking lot. The complaint al-

leged that the defendants Robert Viani and World Gym Poughkeepsie, Inc. (hereinafter World Gym), owned or controlled the subject premises, which included the parking lot, and that, on and prior to January 16, 2008, they were responsible for removing snow and ice from the parking lot and did so in a negligent manner. The complaint further alleged that Viani and World Gym failed to maintain the premises in a reasonably safe condition by failing to remove all snow and ice, thereby creating a dangerous and unsafe condition for pedestrians.

Viani and World Gym jointly moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against World Gym, and denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against Viani. Viani appeals from so much of the order as denied those branches of the motion which were for summary judgment dismissing the first cause of action, which alleged negligence, and the third cause of action, which was the derivative claim by the plaintiff's husband, insofar as asserted against him. We affirm the order insofar as appealed from.

The Supreme Court properly concluded that Viani failed to eliminate all triable issues of fact to establish his prima facie entitlement to judgment as a matter of law. While Viani conclusively established that he, individually, did not own, occupy, control, or make special use of the premises, his submission of the transcript of his deposition testimony raised triable issues of fact as to whether he, personally, created the condition that caused the plaintiff to slip and fall (*see O'Toole v Vollmer*, 130 AD3d 597 [2015]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493 [2005]). As such, he failed to make a prima facie showing of entitlement to judgment as a matter of law and, thus, the court properly denied those branches of the motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against Viani, without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.