■ EDWARD HAHN, Respondent, v GO GO BUS TOURS, INC., et al., Appellants. [40 NYS3d 549]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), entered December 31, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained after he fell while attempting to board a bus that was parked along a sidewalk. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. We reverse.

"Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition

for a sufficient length of time to discover and remedy it" (*Ash v City of New York*, 109 AD3d 854, 855 [2013]; *see Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 863 [2015]). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (*Ash v City of New York*, 109 AD3d at 855; *see Mitgang v PJ Venture HG, LLC*, 126 AD3d at 863-864).

"[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810 [2010]; *see McFadden v 726 Liberty Corp.*, 89 AD3d 1067, 1068 [2011]). Although "[p]roximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident[,] . . . mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (*Costantino v Webel*, 57 AD3d 472, 472 [2008]; *see Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). "Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (*Ash v City of New York*, 109 AD3d at 855; *see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

Here, in support of their motion, the defendants submitted, among other things, a transcript of the plaintiff's deposition testimony, which demonstrated that he was unable to identify the cause of his accident without engaging in speculation (*see McCarthy v Jones*, 139 AD3d 682, 682 [2016]; *Baterna v Maimonides Med. Ctr.*, 139 AD3d 653, 653 [2016]; *Maglione v Seabreeze By Water, Inc.*, 116 AD3d 929, 930 [2014]; *see also Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d at 1287; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435). Furthermore, although the deposition testimony of another witness indicated that the plaintiff may have fallen after coming into contact with another passenger, that evidence did not indicate that the other passenger came into contact with the plaintiff as a result of any negligence attributable to the defendants (*cf. Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *Dawkins v Mastrangelo*, 137 AD3d 739, 739-740 [2016]; *Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]; *Bun Il Park v Korean Presbyt. Church of N.Y.*, 267 AD2d 268, 269 [1999];

*Rivera v Goldstein*, 152 AD2d 556, 557 [1989]). Accordingly, the evidence submitted by the defendants established, prima facie, their entitlement to judgment as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Indeed, in his affidavit submitted in opposition to the defendants' motion, the plaintiff reiterated that he did not know what caused him to fall. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.