■ MICHELLE MALDONADO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [42 NYS3d 349]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated December 7, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell while descending a

staircase in her apartment building in Queens. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging negligence. The defendant. moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff was unable to identify the cause of her accident. The Supreme Court denied the motion. We reverse.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's General Municipal Law § 50-h hearing transcript, which demonstrated that the plaintiff was unable to identify the cause of her fall (*see Cohen v A.C.E. Rest. Group of N.Y., LLC*, 140 AD3d 1111 [2016]; *Ackerman v Iskhakov*, 139 AD3d 987 [2016]; *Williams v Vines*, 128 AD3d 1056 [2015]; *Blocker v Filene's Basement #51-00540*, 126 AD3d 744 [2015]; *Zanki v Cahill*, 2 AD3d 197 [2003], *affd* 2 NY3d 783 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit merely raised feigned issues of fact designed to avoid the consequences of her earlier General Municipal Law § 50-h hearing testimony, and thus, was insufficient to defeat the defendant's motion (*see Diaz v Brentwood Union Free Sch. Dist.*, 141 AD3d 556, 559 [2016]; *Bluth v Bias Yaakov Academy for Girls*, 123 AD3d 866, 866 [2014]; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]; *see also Lesaldo v Dabas*, 140 AD3d 708, 710 [2016]).

In light of our determination, the defendant's remaining contentions need not be addressed. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.