■ JAMAL BELTON, Appellant, v GEMSTONE HQ REALTY ASSOCIATES, LLC, et al., Respondents. [43 NYS3d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 14, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when he tripped and fell in a parking lot outside a Key Food supermarket in Jamaica. The plaintiff commenced this action against the defendants Gemstone HQ Realty Associates, LLC, which owned the premises, and Gemstone Supermarkets, Inc., which leased the premises and operated the supermarket (hereinafter together the defendants), alleging that his injuries were caused by a defect in the surface of the parking lot. After discovery, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff was unable to identify the location and cause of his accident. The Supreme Court granted the motion. We reverse.

A defendant moving for summary judgment in a trip-and-fall case may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that it neither created the hazardous condition that allegedly caused the plaintiff's injuries nor had actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 950-951 [2016]; *Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). A defendant also may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of the accident (*see Baldasano v Long Is. Univ.*, 143 AD3d 933 [2016]). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see id.*). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant, the defendants failed to establish, prima facie, that the plaintiff was unaware of the location of his fall or what caused him to fall. In support of their motion, the defendants submitted a transcript of the plaintiff's deposition. In that deposition, the plaintiff clearly identified, through photographs, the location of his fall and the condition that allegedly caused it. Any conflicts between the plaintiff's original deposition and the errata sheets merely raised issues of credibility inappropriate for resolution on summary judgment (*see Pollina v Oakland's Rest., Inc.*, 95 AD3d 1190, 1191 [2012]). In light of the defendants' failure to meet their prima facie burden, their motion should have been denied, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Robinson v Viani*, 140 AD3d 844, 845 [2016]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.