■ Lori M. Andersen, Respondent, v El Triunfo Laundromat Corp., Appellant. [54 NYS3d 166]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 31, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 8, 2012, the plaintiff allegedly slipped and fell due to the presence of a foreign substance on the floor of premises owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We affirm.

"In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *see Kane v Peter M. Moore Constr. Co., Inc.*, 145 AD3d 864, 868 [2016]). A defendant also may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (*see Belton v Gemstone HQ Realty Assoc., LLC*, 145 AD3d 840, 841 [2016]; *Hahn v Go Go Bus Tours, Inc.*, 144 AD3d 748, 749 [2016]; *Korn v Parkside Harbors Apts., LLC*, 134 AD3d 769, 769 [2015]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 878 [2013]; *see Pol v Gjonbalaj*, 125 AD3d 955, 955-956 [2015]).

Here, although the evidence submitted in support of the defendant's motion demonstrated, prima facie, that it did not create or have actual notice of the alleged condition, its submissions failed to eliminate all triable issues of fact as to whether it had constructive notice of the alleged condition (*see DeSalvio v Suffolk County Water Auth.*, 127 AD3d 804, 806 [2015]; *Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 905 [2015]). Further, the defendant failed to establish, prima facie, that the cause of the plaintiff's fall cannot be identified without engaging in speculation (*see Drouillard v Smarr*, 136 AD3d 973, 973-974 [2016]; *Pol v Gjonbalaj*, 125 AD3d at 956; *cf. Izaguirre v New York City Tr. Auth.*, 106 AD3d at 879). Inasmuch as the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.