Matadin v Bank of Am. Corp. (2018 NY Slip Op 05297)





Matadin v Bank of Am. Corp.


2018 NY Slip Op 05297


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00166
 (Index No. 508293/14)

[*1]Donna Ann Matadin, appellant, 
v
Bank of America Corporation, respondent.


Robert Dembia, P.C., New York, NY, for appellant.
Law Office of Andre N. Poulis, P.C., Hauppauge, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 18, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On the morning of January 3, 2014, the plaintiff allegedly slipped and fell inside the entryway of the defendant's bank in Manhattan. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the grounds that the plaintiff was unable to identify the cause of her fall and that the flooring at the entryway where she allegedly fell was appropriate and did not constitute a dangerous condition. The plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law through the deposition testimony of the plaintiff, which demonstrated that she was unable to identify the cause of her fall (see Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d 840, 841; Baldasano v Long Is. Univ., 143 AD3d 933, 933; Davis v Sutton, 136 AD3d 731, 732). However, in opposition to the defendant's prima facie showing on this ground, the plaintiff raised a triable issue of fact through her affidavit, in which she averred that when she stood up after falling, she put her hands on the back of her coat to straighten it and felt that the coat was wet. This, coupled with the fact that it had been snowing, led her to believe that she slipped on snow that had been tracked into the bank. [*2]Viewing the evidence in the light most favorable to the plaintiff, which included climatological data establishing that it had been snowing that morning, and according her the benefit of all reasonable inferences (see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903; Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920, 921), we find that there are triable issues of fact as to whether a slippery condition was present where the plaintiff allegedly fell (see Monje v Guaraca, 159 AD3d 889, 890; McRae v Venuto, 136 AD3d 765, 766; Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d at 921).
We note that although the Supreme Court found that the defendant established that it did not have actual or constructive notice of the allegedly dangerous condition (see generally Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137), the defendant did not move for summary judgment on this ground and did not submit evidence that would eliminate issues of fact on the issue of notice.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court