Rodriguez v New York City Hous. Auth. (2019 NY Slip Op 01246)





Rodriguez v New York City Hous. Auth.


2019 NY Slip Op 01246


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00054
 (Index No. 513371/15)

[*1]Juan Rodriguez, appellant, 
v
New York City Housing Authority, respondent.


Greenberg Law P.C., New York, NY (Raquel J. Greenberg of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 26, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries allegedly sustained by him when he slipped and fell while descending a staircase in a building owned by the defendant, New York City Housing Authority. The plaintiff alleged, inter alia, that he was caused to slip, stumble, and fall as a result of a "wet, slick, unattended, and slippery dirty substance on the treads of the stairs in the stairwell," and that the defendant was negligent in, among other things, the maintenance of the subject premises. The defendant moved for summary judgment dismissing the complaint on the grounds that the plaintiff did not know what caused him to fall and that the defendant did not have actual or constructive notice of any dangerous condition on the stairs. The Supreme Court granted the motion on the ground that the defendant did not have notice of any dangerous condition with respect to the stairwell. The plaintiff appeals. We affirm, albeit on a ground different from that relied upon by the court.
We disagree with the Supreme Court's determination that the defendant was entitled to summary judgment on the ground that it lacked notice of any defective condition. "In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Blair v Loduca, 164 AD3d 637, 638; Zerilli v Western Beef Retail, Inc., 72 AD3d 681, 681). To meet its prima facie burden on the issue of constructive notice, the moving defendant must offer evidence as to when the area at issue was last cleaned or inspected before the accident (see Quinones v Starret City, Inc., 163 AD3d 1020, 1021; Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Rong Wen Wu v Arniotes, 149 AD3d 786, 787). "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rong Wen Wu v Arniotes, 149 AD3d at 787; see Quinones v Starret City, Inc., 163 [*2]AD3d at 1021-1022; Eksarko v Associated Supermarket, 155 AD3d 826, 827; Mahoney v AMC Entertainment, Inc., 103 AD3d 855, 856).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition. While the deposition testimony of the premises' caretaker demonstrated that the caretaker inspected and cleaned the subject stairwell on a regular basis, the defendant failed to present evidence regarding specific cleaning or inspection of the area in question relative to the time when the subject accident occurred (see Quinones v Starret City, Inc., 163 AD3d at 1022; Eksarko v Associated Supermarket, 155 AD3d at 828; Perez v Wendell Terrace Owners Corp., 150 AD3d 1162, 1163). Thus, the defendant was not entitled to summary judgment dismissing the complaint on the ground that it established that it did not have notice of the alleged hazardous condition.
A defendant in a slip-and-fall case may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Andersen v El Triunfo Laundromat Corp., 151 AD3d 921; Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d 840, 841; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Korn v Parkside Harbors Apts., LLC, 134 AD3d 769, 769). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's General Municipal Law § 50-h hearing and deposition transcripts, which demonstrated that he was unable to identify the cause of his fall without resorting to speculation (see Pankratov v 2935 OP, LLC, 160 AD3d 757; Maldonado v New York City Hous. Auth., 145 AD3d 679, 680; Cohen v A.C.E. Rest. Group. of N.Y., LLC, 140 AD3d 1111; Ackerman v Iskhakov, 139 AD3d 987, 988; Williams v Vines, 128 AD3d 1056, 1057; Blocker v Filene's Basement # 51-00540, 126 AD3d 744, 745). In opposition, the plaintiff failed to raise a triable issue of fact in this regard (see Zuckerman v City of New York, 49 NY2d 557, 562).
Although the Supreme Court did not decide the issue of whether the defendant established, prima facie, that the plaintiff cannot identify the cause of his fall without engaging in speculation, the defendant moved for summary judgment on this ground, and the issue was fully argued by the parties in their motion papers. Thus, the defendant may properly raise the issue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-547; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959). We affirm the grant of the defendant's motion for summary judgment dismissing the complaint on this ground.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court