Moiseyeva v New York City Hous. Auth. (2019 NY Slip Op 06766)





Moiseyeva v New York City Hous. Auth.


2019 NY Slip Op 06766


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-13392
 (Index No. 502006/13)

[*1]Vira Moiseyeva, appellant, 
v
New York City Housing Authority, respondent, et al., defendant.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY, for appellant.
Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated December 16, 2016. The order granted that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of that defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it.
The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting premises owned by the defendant New York City Housing Authority (hereinafter NYCHA). After the plaintiff commenced this action to recover damages for personal injuries, NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff could not identify the cause or location of her fall, and pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it, contending that the plaintiff's alleged willful and contumacious failure to provide certain discovery warranted dismissal of the complaint. The Supreme Court granted that branch of NYCHA's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff could not identify the cause of her fall without resorting to speculation. The court did not decide that branch of NYCHA's motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
The Supreme Court should have denied that branch of NYCHA's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In a trip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see Bilska v Truszkowski, 171 AD3d 685, 686; Singh v City of New York, 136 AD3d 641, 642-643; Buglione v Spagnoletti, 123 AD3d 867, 867; Altinel v John's Farms, 113 AD3d 709,709-710). "If a plaintiff is unable to identify the cause of a fall, any finding of negligence would be based upon speculation" (Pol v Gjonbalaj, 125 AD3d 955, 955; see McRae v Venuto, 136 AD3d 765, 766). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall" (Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878; see McRae v Venuto, 136 AD3d at 766). "It only means that a plaintiff's [*2]inability to establish the cause of his or her fall — whether by personal knowledge or by other admissible proof — is fatal to a cause of action based on negligence" (McRae v Venuto, 136 AD3d at 766; see Pol v Gjonbalaj, 125 AD3d at 955-956; Izaguirre v New York City Tr. Auth., 106 AD3d at 878).
Here, NYCHA failed to establish, prima facie, that the plaintiff could not identify the cause of her fall (see Eisenstein v Block 5298, Inc., 164 AD3d 1304, 1305; Davidoff v First Dev. Corp., 148 AD3d 773, 774-775; Pol v Gjonbalaj, 125 AD3d at 956; cf. Hoovis v Grand City 99 Cents Store, Inc., 146 AD3d 866, 866). In support of its motion, NYCHA submitted a transcript of the deposition testimony of the plaintiff's daughter, Galina Moiseyeva (hereinafter Galina), who testified that she saw the plaintiff fall because of a "crack" or "gap" in the sidewalk, which made the sidewalk a "different level." Further, Galina, who lived with the plaintiff in the premises abutting the sidewalk, testified that she walked along the sidewalk while traveling to and from work, and was previously aware of the alleged crack in the sidewalk. Contrary to NYCHA's contentions, the alleged failure of the plaintiff and Galina to identify the exact location of the plaintiff's alleged fall on a photograph shown at their depositions and hearings pursuant to General Municipal Law § 50-h, which photograph was taken the day after the alleged accident occurred and after NYCHA had allegedly covered the subject part of the sidewalk with plywood, did not establish, prima facie, that the plaintiff is unable to identify the cause of her fall. Under the circumstances, NYCHA failed to eliminate triable issues of fact as to whether the plaintiff fell due to the alleged defective condition of the sidewalk (see Eisenstein v Block 5298, Inc., 164 AD3d at 1305; Davidoff v First Dev. Corp., 148 AD3d at 774-775). Since NYCHA failed to meet its initial burden, the sufficiency of the opposition papers need not be reviewed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Kings County, for a determination on the merits of that branch of NYCHA's motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court