Steele v Samaritan Found., Inc. (2019 NY Slip Op 07434)





Steele v Samaritan Found., Inc.


2019 NY Slip Op 07434


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-13209
 (Index No. 2214/16)

[*1]Nikaiya Steele, respondent, 
v
Samaritan Foundation, Inc., et al., appellants.


Rutherford & Christie, LLP, New York, NY (David S. Rutherford and Gabriella Ali-Marino of counsel), for appellants.
Sobo & Sobo, LLP, Middletown, NY (John A. Del Duco III of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated October 25, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that she was injured when she slipped and fell on liquid in the kitchen of a residential treatment facility owned and operated by the defendants. She commenced this action to recover damages for personal injuries, alleging negligent maintenance of the facility. The defendants moved for summary judgment dismissing the complaint on the grounds that they lacked notice of the allegedly dangerous condition and, in effect, that the plaintiff was unable to identify the cause of her fall without resorting to speculation. The Supreme Court denied the motion. The defendants appeal.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Warren v Walmart Stores, Inc., 105 AD3d 732, 733; Mahoney v AMC Entertainment, Inc., 103 AD3d 855; see also Gordon v American Museum of Natural History, 67 NY2d 836, 837). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598; Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 436, 437).
To meet its initial burden on the issue of lack of constructive notice, the moving defendant must offer evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d 1020, 1021; Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599). Here, the defendants failed to satisfy this initial burden. The deposition testimony of the facility's assistant director of operations, who lacked personal knowledge of the relevant facts, merely referred to the general cleaning practices at the facility. The defendants failed to present any evidence regarding specific cleaning or inspection of the area in question relative to the time when the subject accident [*2]occurred (see Rodriguez v New York City Hous. Auth., 169 AD3d at 948; Quinones v Starret City, Inc., 163 AD3d at 1022; Hanney v White Plains Galleria, LP, 157 AD3d at 661-662; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599). Thus, the defendants were not entitled to summary judgment dismissing the complaint on the ground that they established lack of notice of the alleged hazardous condition.
A defendant in a slip-and-fall case may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation (see Rodriguez v New York City Hous. Auth., 169 AD3d at 948-949; Andersen v El Triunfo Laundromat Corp., 151 AD3d 921; Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d 840, 841; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Korn v Parkside Harbors Apts., LLC, 134 AD3d 769). The defendants failed to establish their prima facie entitlement to judgment as a matter of law based upon this ground. The plaintiff testified at her deposition that, although she did not notice anything on the floor prior to her fall, after she fell onto the floor, her pants became wet. Contrary to the defendants' contention, this testimony does not establish that the cause of the plaintiff's fall cannot be identified without engaging in speculation (see Matadin v Bank of Am. Corp., 163 AD3d 799, 800; Andersen v El Triunfo Laundromat Corp., 151 AD3d at 922; Belton v Gemstone HQ Realty Assoc., LLC, 145 AD3d at 841; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748, 749; Korn v Parkside Harbors Apts., LLC, 134 AD3d at 769). Further, in opposition to the defendants' motion, the plaintiff submitted an affidavit in which she elaborated that, given the dampness of her pants, she inferred that she had slipped on "an appreciable sum of liquid on the floor." Thus, even assuming the defendants had made a prima facie showing, the plaintiff raised a triable issue of fact in opposition (see Matadin v Bank of Am. Corp., 163 AD3d at 799-800).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court